UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. DORN,

        Plaintiff,

vs.                          Case No.  2:05-cv-89-FtM-29DNF

UNITED STATES OF AMERICA, JACINTH
WALTERS, CHARLES SCHEINER, CONSTANCE
LEWIS, COMMISSIONER OF INTERNAL
REVENUE, C. SILLS, DEBORAH G.
MACMILLAN, MELANIE ROMANO,

        Defendants.

_____

**OPINION AND ORDER**

      This matter comes before the Court on the government's Second Motion to Dismiss (Doc. #34), filed on October 19, 2005. No response has been filed and the time to do so has now expired.[1] The government[2] seeks to dismiss the case for failure to effectuate service of process and for failure to state a claim.

**I.**

      The original Complaint (Doc. #1) was filed on March 2, 2005, against the United States of America, a Tax Court Judge and various

---

    [1]Plaintiff was provided additional time to effect service of process on November 14, 2005, and provided additional time to response to the Second Motion to Dismiss. See Opinion and Order (Doc. #42).

    [2]The motion appears to be brought on behalf of the United States of America only, and not the individually named defendants.

individuals who purportedly work for the Internal Revenue Service (IRS).  The Complaint was "solely directed at the numerous violations of IRS collections practices guidelines committed by the defendants." (Doc. #1, p. 2).  The docket reflects a Request for Waiver of Service of Summons for each of the defendants, issued on August 15, 2005, however, it is unclear whether the Notices and Requests were served on defendants.[3]  The same day, the government filed a Motion to Dismiss for Insufficiency of Service of Process (Doc. #15).  The Court denied the motion finding good cause for failure to serve, and allowed additional time to execute service of process.  The government was provided leave to renew the motion if service was not executed.

On October 17, 2005, plaintiff filed an Amended Complaint (Doc. #35).  Also, on October 17, 2005, plaintiff filed an Affidavit of Service (Doc. #38) indicating service by U.S. Mail to the Department of Justice, Tax Division, with copies to be distributed to the individuals.  On November 28, 2005, and January 3, 2006, plaintiff filed a Certificate of Service (Doc. #44) and further proof of service (Doc. #47) on defendants.  The Court will deny the Motion to Dismiss as to the service of process issue at this time.  Defendants may renew the motion if they continue to object to the sufficiency of process.

---

[3]One is simply addressed to the "United States of America" and three are addressed to "Disclosure Officers" for Jacksonville and Fort Myers, Florida, and Atlanta, Georgia.

## II.

The government argues that plaintiff has failed to state a cause of action, and reduces the relief sought in the 44 "causes of action" to the following: (1) a return of property in the form of a refund of taxes collected; (2) damages for a wrongful levy; (3) damages for wrongful tax collection; (4) damages for unauthorized disclosure of return information; and (5) an order remanding Internal Revenue Service employees for "preference of charges."

### A.

Plaintiff alleges that attorney Don Beers, "a retired Internal Revenue Service Attorney," prepared his tax returns for 1987 through 1989. (Doc. #35, ¶¶ 27-28). Plaintiff states that the returns were hand delivered to the IRS office in Fort Myers, Florida with certified checks. (<u>Id.</u> at ¶ 29). In 1993, plaintiff initiated inquires about alleged deficiencies without response and continued to inquire "for over seven years." (<u>Id.</u> at ¶¶ 30-33). On or about February 18, 1995, the IRS filed a Notice of Federal Tax Liens in the amount of $190,151.86. (<u>Id.</u> at ¶ 35). On or about August 27, 1996, plaintiff made a request under the Freedom of Information Act (FOIA) to "prove liability and accuracy." By letter dated February 5, 1997, after several requests were made without receiving the explanation plaintiff sought, a Tax Examiner indicated that the liabilities had resulted "under authority of the Internal Revenue Code Section 6020(b)." (<u>Id.</u> at ¶¶ 37-44). On

February 10, 1997, plaintiff sought a further explanation from the Problems Resolution Office in Fort Lauderdale, Florida.  On or about March 4, 1997, plaintiff received a letter containing figures "with no documentation as to the origin."  (Id. at ¶¶ 45-47). After March 7, 1997, a IRS Officer came to plaintiff's house "but had no information as to how the IRS arrived at the figures they were using."  (Id. at ¶ 48).  On or about November 29, 1999, plaintiff received a Notice of Jeopardy Levy and Right of Appeal issued pursuant to 26 U.S.C. § 6331, and a Notice of Levy was also sent to plaintiff's retirement account, the Evergreen Fund, for a total of $326,429.86.  (Id. at ¶ 55).  The Form sent to the Evergreen Fund required a signature before funds could be taken from the retirement account.  Plaintiff alleges that the Form was not signed.  (Id. at ¶¶ 56-57).  Plaintiff confirmed the time and place of his Collection Due Process Hearing, and on or about May 1, 2000, figures and explanations were provided at the hearing "but no verified proof of either a liability, notice of deficiency, or accurate figures."  (Id. at ¶ 60).  On or about May 22, 2000, plaintiff received a Notice of Determination Concerning Collection Action(s) Under 6320 and or 6330 advising plaintiff of his right to appeal to the Tax Court.  On May 31, 2000, plaintiff filed a petition in Tax Court.  On or about July 1, 2003, plaintiff filed a "Motion to Reconsider on error of the court" challenging the jurisdiction of the Tax Court having alleged that no Notice of Deficiency was ever issued.  (Id. at ¶¶ 62-66, 71).  After numerous

requests for further information, on August 28, 2003, the Tax Court Judge found that it did have jurisdiction and that the Jeopardy Levy was appropriate.  The Tax Court further directed that the IRS could proceed with its collection action.

Plaintiff alleges 44 causes of action.  The first 36 Counts allege various failures to comply with the law and/or procedures of the Internal Revenue Code and to properly investigate the basis for the assessment.  Count 37 alleges a Sixth Amendment violation; Count 38 alleges a taking without just compensation; Count 39 alleges cruel and unusual punishment under the Eighth Amendment; Counts 40 through 42 allege a violation of the Fifth Amendment; Count 43 alleges a violation of the Fourth Amendment; and Count 44 alleges RICO violations.

**B.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n. 16.  Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## C.

The government argues that plaintiff has failed to show that the necessary prerequisites have been met for a refund or return of the overpayment of taxes.  Under 26 U.S.C. § 6511, a taxpayer must file a claim within 3 years of filing the return or within 2 years of paying the taxes, whichever comes later.  Plaintiff clearly fought the imposition of the levy and the imposition of the deficiency from the time he had notice, however, the allegations do

not establish whether a claim for a refund was filed. The government states that the taxpayer must have fully paid the tax prior to filing a claim, and that plaintiff has not done so. Therefore, the statute of limitations has not yet run because plaintiff may still assert a claim for a refund after paying the outstanding taxes. It would also appear that plaintiff could state a claim for having made an informal claim with adequate notice to the IRS that a wrongful assessment claim was present. See Vintilla v. United States, 767 F. Supp. 249, 252 (M.D. Fla. 1990)(collecting cases). The motion will be denied on this basis at this time.

The government argues that plaintiff cannot maintain an action for damages under 26 U.S.C. § 7426(a) as it is limited to persons other than the taxpayer. McCarty v. United States, 929 F.2d 1085, 1088 (5th Cir. 1991). The government is correct. Plaintiff cannot obtain damages under Section 7426. Therefore, the motion will be granted to the extent that the request for relief will be stricken.

The government argues that plaintiff has failed to specify that direct economic damages were incurred. Under 26 U.S.C. § 7433, and upon a finding of liability, defendant shall be liable to plaintiff "in an amount equal to the lesser of $1,000,000" *or* the sum of direct economic damages and costs. Taking all allegations as true at this stage of the proceedings, the Court finds that plaintiff could establish a claim for damages under Section 7433 for $1,000,000, or less. The motion will be denied as plaintiff

could establish that he has exhausted and plaintiff could establish damages.

The government argues that plaintiff cannot sustain a claim for damages under 26 U.S.C. § 7431 based on the filing of liens with the Collier County Clerk of Court.  The Court agrees that the mere filing of the liens pursuant to 26 U.S.C. § 6323(f) does not form a basis for a claim that an unauthorized inspection or disclosure occurred.  Therefore, the motion will be granted to the extent that the request for damages under Section 7431 will be stricken.

Lastly, the government argues that plaintiff's request for an Order "remanding J. Walters and Constance Lewis to other authority" is "nonsense, and requires no rebuttal."  Plaintiff essentially seeks a demotion or the discharge of certain Officers for the allegations in the Amended Complaint.  Under 26 U.S.C. § 7214, an employee of the agency shall be dismissed or discharged if found to have committed certain unlawful acts.  Although plaintiff may have asserted a claim under RICO, plaintiff is not entitled to the discharge of an employee of the IRS on that basis, or based on allegations of unlawful acts under Section 7214 without pending allegations or a conviction.  Therefore, the motion will be granted and the request in paragraph 7 will be stricken.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The government's Second Motion to Dismiss (Doc. #34) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted for failure to state a claim to the extent that relief sought under 26 U.S.C. §§ 7426 and 7431 and paragraph 7 is stricken. The Motion is denied without prejudice for failure to perfect service of process based on the Court's November 14, 2005, Opinion and Order (Doc. #42) and the Certificates of Service filed by plaintiff. Defendants may renew any objections if they continue to object to the recent service of process.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of January, 2006.


                                        _____
                                        JOHN E. STEELE
                                        United States District Judge


Copies:
Parties of record