UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. DORN,

        Plaintiff,

vs.                                    Case No. 2:05-cv-89-FtM-29DNF

UNITED STATES OF AMERICA, JACINTH
WALTERS, CHARLES SCHEINER, CONSTANCE
LEWIS, COMMISSIONER OF INTERNAL
REVENUE, C. SILLS, DEBORAH G.
MACMILLAN, MELANIE ROMANO,

        Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on the individually named defendants' Motion to Dismiss or for Summary Judgment (Doc. #69), filed March 27, 2006. Plaintiff's "Motion Requesting the Denying of Enlargement of time to Serve and File Answers, and Motion to Dismiss or for Summary Judgment by Defendants" (Doc. #74), as well as the "Motion to Deny Dismissal or for Summary Judgment by Defendants United States Et., Al." (Doc. #77), are construed as responses. Also before the Court is plaintiff's "Second Motion for Interlocutory Judgment, Answers to Atty. Doyle's Big Pack of Approx. 200 Pages he Intends to Use as Arguments of Unsubstanuated [sic] Facts" (Doc. #78), filed on May 3, 2006.

Plaintiff names the United States of America as a party to the action and the individually named defendants as "contributing actors" against whom no specific relief is sought. The allegations, however, are intertwined with facts relating to the individuals, so the Court will assume the "contributing actors" are intended to be party-defendants in light of plaintiff's *pro se* status. The Court adopts the facts as set forth in the Court's January 11, 2006, Opinion and Order (Doc. #48, ¶ A.) as if incorporated herein.

## I.

As a preliminary matter, defendants argue that C. Sills, Deborah G. MacMillan, and Melanie Romano should be dismissed for failure to perfect service of process. The certified mail receipts filed by plaintiff (Doc. #147) indicate that Charles Scheiner, Mark Everson, as Commissioner of the Internal Revenue Service, Constance Lewis, and Jacinth Walters were served. No proof of service was ever filed with regard to defendants Sills, MacMillan, or Romano. Plaintiff states that he was not able to locate addresses for the defendants. Having provided plaintiff ample opportunity to serve process, the Court finds that these defendants are due to be dismissed for failure to serve process pursuant to Fed. R. Civ. P. 12(b)(5).

**II.**

Defendants rely on matters outside the four corners of the Amended Complaint (Doc. #35) for its summary judgment motion based on qualified immunity. The Court finds, however, that the issues can be resolved on a motion to dismiss, therefore will deny the alternative motion for summary judgment.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v.

Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

### III.

Plaintiff alleges 44 causes of action. The first 36 Counts allege various failures to comply with the law and/or procedures of the Internal Revenue Code and to properly investigate the basis for the assessment. Count 37 alleges a Sixth Amendment violation; Count 38 alleges a taking without just compensation; Count 39 alleges cruel and unusual punishment under the Eighth Amendment; Counts 40 through 42 allege a violation of the Fifth Amendment; Count 43 alleges a violation of the Fourth Amendment; and Count 44 alleges RICO violations.

Under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff generally may bring an action against for damages against a federal employee for a violation of his constitutional rights if he can show that (1) a constitutional right was violated by the federal employee; (2) the employee is sued in their individual capacity; and (3) no

alternative way exists to seek relief for the constitutional violation. Plaintiff cannot state a claim against the individual defendants in this case, however, because Congress has specifically provided an exclusive statutory remedy against the United States for wrongful tax assessment or collection efforts by Internal Revenue Service employees. Section 7433(a) states,

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432[1], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). See Seibert v. Baptist, 594 F.2d 423, 431-32 (5th Cir. 1979)[2], cert. denied, 446 U.S. 918 (1980); Cameron v. I.R.S., 773 F.2d 126 (7th Cir. 1985); Baddour, Inc. v. United States, 802 F.2d 801, 807-809 (5th Cir. 1986); Wages v. I.R.S., 915 F.2d 1230 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991).

Even assuming that plaintiff could bring a cause of action against the individual employees and intended to do so, the Court

---

[1]This section generally provides that "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien . . ., such taxpayer may bring a civil action for damages against the United States in a district court of the United States."

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

finds that plaintiff fails to state a claim. Although the Amended Complaint provides a long, detailed history of events and interactions with employees of the Internal Revenue Service, the counts are non-specific to the defendants. Other than defendant the United States of America, the Amended Complaint fails to provide the required notice to any individual defendant. Additionally, Counts One through Eight, Twelve through Seventeen, Nineteen, Twenty, and Twenty-Six through Thirty-Five all cite the following statutory sections, none of which provide a basis for initiating a cause of action against the employees: 26 U.S.C. §§ 7214[3] (offenses by officers and employees of the United States); 6065 (verification of returns); 7491 (burden of proof); 6651 (failure to file tax return or to pay tax); 6704 (penalty provisions for failure to keep records necessary to reporting requirements); 6751 (procedural requirements); 7434 (civil damages for fraudulent information returns with respect to payments made to persons other than the filer); 7602 (examination of books and witnesses); 6011 (general requirements of return, statement, or list); 6012 (persons required to make returns of income); 6103 (confidentiality and disclosure of returns and return information); 6502 (collection after assessment); 6851 (authority for termination of assessments); and 6061 (signing). In Counts Eighteen and Twenty-One through Twenty-Five, plaintiff cites to the Internal

---

[3]The request for demotion or discharge of employees was stricken by the Court on January 11, 2006. (See Doc. #48, p. 8).

Revenue Manual.  Although the Manual directs one to the statutory authority for the filing of a civil action, it does not itself provide the basis for a cause of action.  Count Thirty-Six details the repealing of certain sections of the Internal Revenue Code, but makes no allegations which could reasonably be construed as a cause of action.

With regard to Counts Thirty-Seven through Forty-Three, plaintiff alleges violations of his Fourth, Fifth, Sixth, and Eight Amendment rights under the U.S. Constitution.  Unlike Counts One through Thirty-Six, these Counts do not reference the "actors" or "agents" actions, and therefore do not appear to be claims against the individuals.  Therefore, the Court will not address these Counts directed solely to the United States.

Count Forty-Four alleges fraud and extortion as the two predicate acts to support a civil cause of action under the Racketeer Influenced and Corrupt Organizations Act (RICO).  This appears to be with regard to all defendants. To establish a civil RICO claim under 18 U.S.C. § 1964, a plaintiff must allege and prove that a pattern exists with regard to at least two acts indictable under federal criminal statutes, and that plaintiff was injured by reason of the violation.  <u>Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.</u>, 162 F.3d 1290, 1316-17 (11th Cir. 1998).  Even assuming that plaintiff could establish extortion, as listed in 18 U.S.C. § 1961, common law fraud does not

qualify as a predicate act indictable under a federal criminal statute. The Court finds that plaintiff has failed to state a claim for civil RICO, and therefore, the individuals will be dismissed as to this count as well.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. The individually named defendants' Motion to Dismiss or for Summary Judgment (Doc. #69) is **GRANTED** as to the motion to dismiss and defendants C. Sills, Deborah G. MacMillan, and Melanie Romano are **dismissed without prejudice** for failure to perfect service of process; and **GRANTED** as to the motion to dismiss and defendants Jacinth Walters, Charles Scheiner, Mark Everson as Comissioner of the Internal Revenue Service, and Constance Lewis are **dismissed with prejudice**.

2. Finding no just cause for delay, the Clerk shall enter judgment accordingly and **terminate** the individually named defendants on the docket.

3. Plaintiff's "Motion Requesting the Denying of Enlargement of time to Serve and File Answers, and Motion to Dismiss or for Summary Judgment by Defendants" (Doc. #74) is construed as a response and **terminated** as a pending motion.

4. Plaintiff's "Motion to Deny Dismissal or for Summary Judgment by Defendants United States Et., Al." (Doc. #77) is construed as a response and **terminated** as a pending motion.

5. Plaintiff's "Second Motion for Interlocutory Judgment, Answers to Atty. Doyle's Big Pack of Approx. 200 Pages he Intends to Use as Arguments of Unsubstantiated Facts" (Doc. #78) is **DENIED**.

6. The case remains pending against the United States of America only.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of June, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record