UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. DORN,

        Plaintiff,

vs.                            Case No.  2:05-cv-89-FtM-29DNF

UNITED STATES OF AMERICA

        Defendants.
_____

## **OPINION AND ORDER**

      This matter comes before the Court on Motion by United States for Summary Judgment and Supporting Memorandum (Doc. #96) filed on November 6, 2006.  Plaintiff filed his Response (Doc. #99) on November 24, 2006.  On January 30, 2007, the United States filed a supplement to its motion.  On February 20, 2007, after a pretrial conference, plaintiff filed a Supplement by Plaintiff Dorn To Try To Eliminate as Many Issues as Possible Before Going to Trial (Doc. #119.)  While not specifically addressed to the pending summary judgment motion, the Court will consider plaintiff's submission in connection with the motion.

      Joseph W. Dorn ("Dorn") bases his Amended Complaint (Doc. #35) upon the jeopardy levy taken against him by the Internal Revenue Service for alleged deficiencies in his income tax return filings for the years 1987 through 1989.  Two counts against the United States from Dorn's Amended Complaint remain pending (Doc. #79): (1) refund of taxes and (2) damages arising from wrongful tax collection in violation of I.R.C. § 7433 (Doc. #35).  The United States argues that

it is entitled to judgment as a matter of law on these claims because: (1) Dorn failed to exhaust administrative remedies required for this Court to have subject matter jurisdiction; (2) res judicata precludes Dorn's claim for refund and damages; (3) the collection activities undertaken by the IRS were proper and allowable; and (4) Dorn's claim under I.R.C. § 7433 is untimely, and therefore this Court lacks jurisdiction.  For the reasons stated below, the Court agrees with defendant that Summary Judgment is due to be granted in its favor.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with

-2-

extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial motion.  Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party.  Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003). In the summary judgment context, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney.  Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

## II.

Often the Court is able to rely upon a Joint Pretrial Statement and adopt Plaintiff's statement of the case or the set of facts upon which the parties agree as a reasonably accurate summary of the incidents when viewed from plaintiff's perspective. However, in this case, with permission from the Court (Doc. #109), both parties submitted unilateral Pretrial Statements[1] (Docs. #113, 115). The

---

[1]United States District Court, Middle District of Florida, Local Rule 3.06(e) states in pertinent part: "All pleadings filed by any party prior to filing of the pretrial statement shall be deemed to be merged therein . . . The pretrial statement and the pretrial order . . . will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice."

Court has reviewed both parties' versions of the facts and finds that plaintiff's[2] and defendant's version of events do not differ significantly for matters pertinent to summary judgment[3].  The extent to which the versions differ reflects plaintiff's feelings and/or confusion as to how the IRS calculated the back taxes owed, whether plaintiff owed the back taxes, how the amount owed was calculated, whether and how defendant notified plaintiff of the amounts owing, and the method in which the Internal Revenue Service collected the owed amount.  Therefore, the Court heavily relies upon Defendant's "concise statement of facts which are admitted" (Doc. #113, pp. 5-12), which is a succinct summary of the underlying facts and is supported and documented by defendant's Declaration of Philip Doyle and its eleven attachments (Doc. #97).  These supporting documents include copies of the notice of Deficiency; Certificate of Official Record composed of transcripts of Dorn's 1987, 1988, and 1989 income tax liabilities; Notice of Levy; Notice of Jeopardy; Request for Due Process Hearing; Notice of Determination; appeal of Notice of

---

[2]Dorn's theory of events as set forth in his Pretrial Statement does not differ from that set forth in his Amended Complaint (Doc. #35).  The Court summarized the facts as presented in the Amended Complaint (Doc. #35) in its January 11, 2006 Opinion and Order (Doc. #48) and will not repeat them here.

[3]The parties do not agree on all issues of material fact.  For instance, Dorn consistently asserts that he never received a "notice of deficiency" (Doc. #115), while the United States has provided a copy of such document sent certified mail to Dorn (Doc. #97-2).  The parties agree that Dorn, as stated in his Unilateral Pretrial Statement, put "hundreds of thousands of dollars . . .in fictitious names and social security numbers."  (Doc. #115, p. 2.)

Determination; Amended Petition for Lien or Levy; and both orders of the Tax Court (recognizing jurisdiction and the appropriateness of the Jeopardy Levy).  In the interests of judicial economy, the Court adopts by reference Defendant's "concise statement of facts which are admitted" and will not repeat these facts here.

## III.

"In interpreting 28 U.S.C. § 1346(a)(1), which confers jurisdiction on a district court to entertain civil actions against the government for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, the Supreme Court has explained that the scope of § 1346(a)(1) is limited by other provisions of the Tax Code." Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1268 (11th Cir. 2006)(citing United States v. Dalm, 494 U.S. 596, 601 (1990))(internal quotations omitted).  "The Court has stated that § 7422(a) provides that an administrative claim must be duly filed before a taxpayer has the right to bring a refund suit, and § 6511(a) sets a limitations period on a taxpayer's right to bring that suit. These two provisions must be read in relation to one another, and they work together to limit the jurisdiction of courts to hear refund claims." Id.  In Wachovia Bank, the 11th Circuit found that "[b]ecause Wachovia failed to file its claims for a refund for the 1997 and 1998 tax years within the three-year limitations period set forth in 26 U.S.C. § 6511(a), the district court was barred by 26 U.S.C. § 7422(a) from exercising any jurisdiction over those claims. For that reason, we reverse the

-5-

district court's decision and remand with instructions to dismiss the complaint for lack of subject matter jurisdiction." Id. at 1269.

Likewise in the current case, defendant correctly asserts that Dorn has failed to file a formal or informal claim for refund prior to filing this suit as required by IRC § 7422(a), or to file an administrative claim for damages as required by IRC § 7433(d)(1). IRC § 7422(a) is captioned "no suit prior to filing claim for refund" and states in pertinent part,

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . .until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

IRC § 7433(d)(1) is captioned "[r]equirement that administrative remedies be exhausted" and states in pertinent part,

> A judgment for damages shall not be awarded under subsection (b)[4] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

The Court has reviewed the record and finds that prior to filing the instant suit, Dorn failed to file for a formal or informal refund as required by IRC § 7422(a), or to file an administrative claim for damages as required by IRC § 7433(d)(1). Nowhere does Dorn state that he requested a refund. Moreover, in his Response, Dorn states

---

[4]Subsection (b) allows for damages pursuant to a civil action brought in connection with unauthorized collection actions. IRC §7433 (a) and (b).

he is not requesting a "refund" but a return of illegally taken assets. (Doc. #99, p. 19.) He also states that as a pro se litigant he is not required to make an "administrative claim", though he did the best he could. (Id.) He goes on to state that he should not be expected to exhaust his administrative remedies because he "cannot expect to live long enough." (Id. at p. 20.) Unfortunately, any plaintiff regardless of age and status as a pro se litigant must meet all pre-suit conditions. Where, as here, plaintiff fails to exhaust his statutorily required administrative remedies, this Court lacks subject matter jurisdiction.

Accordingly, it is now

**ORDERED**:

1.  Motion by United States for Summary Judgment and Supporting Memorandum (Doc. #96) is **GRANTED**. The Clerk shall enter judgment in favor of defendant and against plaintiff.

2.  The Clerk is further directed to terminate all deadlines and pending motions as moot, cancel the trial, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of February, 2007.


_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Joseph W. Dorn

-7-